**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 31 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JAMES MCCHAN,

      Plaintiff-Appellant,

v.

ROB PERRY, Secretary, New Mexico
Department of Corrections; JOHN
SHANKS, Director, New Mexico
Department of Corrections; RON
LYTLE, Warden, New Mexico
Department of Corrections; JOHN M.
ROBERTSON, Medical Doctor and
Director, Correctional Medical
Services; KATHY RUTIN, Supervisor,
Correctional Medical Services; JOHN
DOE, Medical Doctor, Correctional
Medical Services, also known as
Dr. Hussane; JOHN DOE, Supervisor,
Correctional Medical Services, also
known as Colepepper; JOHN/JANE
DOES, Dental Services Providers,
Correctional Medical Services;
JOHN/JANE DOE, Office of Health
Services; JOHN/JANE DOES, Western
New Mexico Correctional Facility,
Reception and Diagnostic Center;
JOHN/JANE DOES, Southern New
Mexico Correctional Facility;
JOHN/JANE DOES, Central New
Mexico Correctional Facility;
JOHN/JANE DOES, All entities or

No. 00-2053
(D.C. No. CIV-99-1327-JC)
(D. N.M.)

persons acting under color of law combined into the body of the New Mexico Department of Corrections and the Correctional Medical Services; CHARLES E. SIMMONS, Secretary, Kansas Department of Corrections; WILLIAM L. CUMMINGS, Secretary Designee, Kansas Department of Corrections; JAMES MCCLINTON, Health Services Administrator, Kansas Department of Corrections; JOHN DOE, Kansas Department of Corrections, also known as Dr. Podrebarac; DR. DALE DAVIS, State Dental Director, Kansas Department of Corrections; DAVID R. MCKUNE, Warden, Kansas Department of Corrections; JOHN/JANE DOES, Kansas Department of Corrections; JOHN/JANE DOES, Lansing Correctional Facility; JOHN/JANE DOES, Prison Health Services Incorporated, Kansas Department of Corrections; JOHN/JANE DOES, All entities or persons acting under color of state law combined into the body of the Kansas Department of Corrections and the Prison Health Services Inc. for the Kansas Department of Corrections, all in their individual and official capacities,

        Defendants-Appellees.

-2-

## ORDER AND JUDGMENT [*]

Before **TACHA** , **EBEL** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff James McChan, a state prisoner proceeding pro se and in forma pauperis, appeals the district court's decision dismissing the majority of his 42 U.S.C. § 1983 claims alleging that, in violation of the Eighth Amendment, numerous individuals in the Kansas and New Mexico correctional systems had denied him medical care for a serious dental condition. We have jurisdiction over this appeal because the district court determined that there was no just reason for delay of entry of judgment on its order of dismissal and directed entry of final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

"We review de novo the district court's legal determination that it lacks personal jurisdiction over defendants." Peay v. BellSouth Med. Assistance Plan, 205 F.3d 1206, 1209 (10th Cir. 2000). We also conduct a de novo review of dismissals for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii), see Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 806 (10th Cir. 1999), and dismissals for "seek[ing] monetary relief against a defendant who is immune from such relief," pursuant to § 1915(e)(2)(B)(iii); see also Powder River Basin Resource Council v. Babbitt, 54 F.3d 1477, 1483 (10th Cir. 1995) (applying de novo review to determination on state officials' entitlement to Eleventh Amendment immunity).

"Before a federal court can assert personal jurisdiction over a defendant in a federal question case, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." Peay, 205 F.3d at 1209 (quotations and citations omitted). Here, the claims against the named Kansas defendants cannot satisfy either prong of this test. McChan has no legal argument that § 1983 provides for nationwide service of process and no factual allegations that these defendants had any contacts whatsoever with New Mexico, the forum state. As a result, the district court correctly dismissed without prejudice all claims against defendants Charles E.

-4-

Simmons, William L. Cummings, James McClinton, Doctor Podrebarac, Doctor Dale Davis, David R. McKune, and the Kansas John and Jane Doe defendants.

The remaining defendants are all officials and employees of the New Mexico Department of Corrections or contract providers of medical services to New Mexico inmates. McChan's complaint identifies a number of these individuals by their supervisory positions, but fails to allege their involvement in or knowledge of the denial of care. A supervisor will not be held liable under § 1983 for the acts of subordinates absent proof of actual knowledge and acquiescence in the alleged constitutional deprivation. See, e.g., Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996). Accordingly, we affirm the district court's dismissal of defendants Rob Perry, John Shanks, Ron Lytle, Dental Services, and the New Mexico John and Jane Doe Defendants.

McChan's complaint also attempts to hold defendants Doctor John M. Robertson, Kathy Rutin, Doctor Hussane, and Colepepper liable in their official capacities for monetary damages. The district court dismissed such claims, based upon Eleventh Amendment sovereign immunity grounds. See e.g., ANR Pipeline Co. v. Lafaver, 150 F.3d 1178, 1187 (10th Cir. 1998), cert. denied, 525 U.S. 1122 (1999) (stating that "when a suit seeks money damages against an official of a state agency, suing that official in his or her official capacity, then the 'real

party in interest' is the state, and the suit is barred by the Eleventh Amendment"). Because the court's analysis was correct, we affirm this ruling.

Finally, the district court dismissed McChan's request for an injunction prohibiting the defendants from retaliating against him for filing this action. The court determined that the supporting factual allegations failed to meet the requirements for equitable relief, in that they gave no indication that McChan needed to fear retaliation. See EEOC v. Wal-Mart Stores Inc., 187 F.3d 1241, 1250-51 (10th Cir.1999) (concluding injunctive relief inappropriate without a showing of cognizable danger of recurrent violations). We conclude that the dismissal of McChan's request for injunctive relief was proper.

After thorough consideration of the McChan's filings, we affirm the district court's order of dismissal. We remind Mr. McChan of his obligation to continue making partial payments until his assessed costs and fees are paid in full.

Entered for the Court

Deanell Reece Tacha
Circuit Judge

-6-